| | | |
|---|---|---|
| DEBTOR ATTORNEY | **RANDOLPH GOLDBERG 5970** | 07-15355 |
| Nevada Bar No. | 5970 | |
| DEBTOR FIRM NAME | Law Office of Randolph H. Goldberg | |
| ADDRESS | 4000 S. Eastern Ste 200 | |
| CITY, STATE ZIP CODE | Las Vegas, NV 89119 | |
| PHONE # | 702-735-1500 | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re: ) BK-S- Trustee:
**JOEY HUGHES** ) CHAPTER 13 PLAN # **1**
) Plan Modification ☐ NA ■ Before ☐ After Confirmation
) Pre-Confirmation Meeting:
) DATE:
) TIME:
Debtors. ) Confirmation Hearing:
Last four digits of Soc. Sec. No.: **xxx-xx-8704** ) DATE:
Last four digits of Soc. Sec. No.: ) TIME:

**CHAPTER 13 PLAN AND PLAN SUMMARY**
**WITH DETERMINATION OF INTEREST RATES**
**☐ MOTION(S) TO VALUE COLLATERAL AND ☐ MOTION(S) TO AVOID LIENS**
[*check if motion(s) appended*]

THIS PLAN AND THESE MOTIONS WILL BE CONSIDERED FOR CONFIRMATION AND APPROVAL AT A COURT HEARING. YOU WILL BE NOTIFIED OF THE HEARING DATE, TIME, LOCATION, AND THE DEADLINE FOR FILING AND SERVING WRITTEN OBJECTIONS. IN THE ABSENCE OF A TIMELY OBJECTION, THE MOTIONS MAY BE APPROVED AND THE PLAN CONFIRMED.

Debtor proposes the following Chapter 13 Plan which shall be effective from the date it is confirmed:

**Section I. Plan Payments and Commitment Period**

**1.01.** Debtor has completed Form B22C – Statement of Current Monthly income and Calculation of commitment Period and Disposable Income.

**1.02. Commitment period.** The applicable commitment period is ■ 3 years or ☐ 5 years. Monthly payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full in a shorter period of time. If the applicable commitment period is 3 years, Debtor may make monthly payments beyond the commitment period as necessary to complete this plan, but in no event shall monthly payments continue for more than 60 months.

**1.03. Projected Disposable income.** The Debtor acknowledges the right of the Trustee or the holder of an allowed unsecured claim to object to the confirmation of the plan pursuant to § 1325(b)(1) and, as such, the Debtor proposes to pay all projected disposable income for the applicable commitment period to pay allowed unsecured claims which includes attorneys fees. - (If the Debtor does not propose to pay projected disposable income pursuant to § 1325(b)(1)(B), it must be specifically stated in Section 6.01, Additional Provisions.)

**1.03.1** Calculation of Disposable Income:
The Debtor is ■ under or ☐ over median income. The Debtor has calculated that the net monthly disposable income of $ **0.00** multiplied by the applicable commitment period of ■ 36 months or ☐ 60 months equals $ **0.00** which is the minimum to be paid to unsecured creditors.

**1.04. Liquidation value.** The liquidation value of $ **181,493.00** to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.

**1.04.1** The Debtor shall pay the greater of liquidation value or disposable income as stated in 1.03.1.

**1.05.** The future income of Debtor shall be submitted to the supervision and control of Trustee as is necessary for execution of the plan.

**1.05.1 MONTHLY PAYMENTS:**
a. Debtor shall pay to Trustee the sum of $ **327.00** for **60** (# of) months commencing **09/25/2007**

b. Monthly payments shall increase or decrease as set forth below:
  (i) $__ for __ (# of) months commencing __.
  (ii) $__ for __ (# of) months commencing __.

**1.05.2 OTHER PAYMENTS** - In addition to the submission of future earnings, Debtor will make non-monthly payment(s) derived from property of the bankruptcy estate or property of Debtor, or from other sources, as follows:
  a.    **Amount of payment**              **Date and Source of payment**
  (i)  $ _____    _____
  (ii) $ _____    _____
b. Debtor shall pay to the plan annual tax refunds for the tax years **2007 2008 2009**

**1.05.3** ELECTION TO PAY 100% OF ALL FILED AND ALLOWED CLAIMS
a. ☐ 100% of all filed and allowed claims shall be paid by Trustee pursuant to this Plan.
                        (This provision applies only if box is checked)
b. ☐ General unsecured creditors will be paid interest at the rate of **0** %.
                        (This provision applies only if box is checked and interest rate stated.)

**Section II. Claims and Expenses**

A. Proofs of Claim

**2.01.** A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan.

**2.02.** Notwithstanding Section 2.01, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a Class 1 and Class 4 secured claim whether or not a proof of claim is filed or the plan is confirmed.

**2.03.** Payments on domestic support obligations and payments on loans from retirement or thrift savings plans of the type described in § 362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**2.04.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the court enters an Order determining the value of a creditor's collateral and/or rate of interest, or avoiding a lien, or sustaining a claim objection which affects the amount or classification of the claim. **If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court which establishes the rate of interest.**

B. Administrative Expenses

**2.05. Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation but excluding direct payments on Class 4 claims.

**2.06. Fees of former chapter 7 trustee.** Payment of compensation of the type described in § 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to non-priority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

**2.07. Administrative expenses.** Except to the extent the claimant agrees to accept less, and unless §1326(b)(3)(B) is applicable, approved administrative expenses shall be paid in full.

**2.08. Debtor's attorney's fees.** The attorney's fees and costs in this case through Confirmation of the plan shall be $ **4,800.00** . The sum of $ **776.00** has been paid to the attorney prior to filing the petition. The balance of $ **4,024.00** shall be paid through the plan. Debtor may incur additional attorneys fees post-confirmation estimated in the amount of $ **0.00** . Such additional estimated attorneys fees are included in this plan for payment by the Trustee and do not render the plan infeasible. If fees and costs stated above are in excess of 16 Hours X **300.00** (Insert Attorneys Billable Hourly Rate) + **274.00** (Filing Fee) = **0.00** (TOTAL), such fees and costs must be approved by the Court. However, all fees are subject to review and approval by the Court. The attorneys fees paid through the plan shall be paid (check one) ■ in accordance with Section 4.02 or ☐ a monthly payment of $__ commencing __.

It is contemplated that the debtor will continue to utilize the services of their attorney through the completion of the plan or until the attorney is relieved by Order of the court. Any additional attorney's fees and costs after confirmation must be paid through the plan only after approval of the court.

C. Secured Claims

07-15355

**2.09. Class 1. Secured claims for real estate loans and/or real property taxes that were delinquent when the petition was filed.** Trustee shall pay the monthly contract installment (see 2.10 below) on each Class 1 claim for real estate loans falling due after the filing of the petition as listed below. Trustee shall pay each Class 1 pre-petition arrearage claim in full and each claim shall receive payments after payment of administrative claims as set forth in 2.06, 2.07, and 2.08. Trustee shall pay all pre-petition arrearage claim for real estate taxes prior to payment on pre-petition arrearage claims on real estate loans. Class 1 claims are not modified by this plan and the creditors shall retain its existing lien.

| Class 1 Creditor's Name | Collateral Description | Monthly Contract Pymt (if applicable) | Interest Rate | Pre-petition Arrears | Monthly Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**2.10. Monthly contract installments paid by Trustee on Class 1 claims. (a)** The Trustee shall make monthly contract installments on Class 1 claims as they come due. **(b)** If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor has listed Class 1 claims above. **(c)** Trustee will not make a partial payment on account of a monthly contract installment. **(d)** If Debtor makes a partial plan payment, or if it is not paid on time and Trustee is unable to pay timely a monthly contract installment due on a Class 1 claim, Debtor's cure of this default must be accompanied by the applicable late charge(s). **(e)** Upon their receipt, Debtor shall mail or deliver to Trustee all notices from Class 1 creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to Trustee, Debtor shall affix the chapter 13 case number to it. If any such notice advises Debtor that the amount of the contract installment payment has increased or decreased, Debtor shall increase or decrease, as necessary, the plan payment.

**2.11. Class 2. Secured claims that are modified by this plan or that have matured or will mature before the plan is completed.** Each Class 2 claim will be paid in full by the Trustee, the creditor shall retain its existing lien, and receive a dividend payable in the equal monthly amounts specified below. The amount of a Class 2 claim shall be the amount due under any contract between Debtor and the claimant or under applicable non-bankruptcy law, or, if § 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claims is secured by a purchase money security interest and (a) was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1 year of the filing of the petition and is secured by any other thing of value

Secured Claims Paid Based on § 506(a) Collateral Valuation

| Class 2 Creditor's Name/Collateral Description | Claim Amount | Fair Market Value | Interest Rate | Number of Months | Monthly Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Secured Claims Modified and Paid in Full (§ 506 does not apply)
§ 1325(a) – Modification of 910 Day Motor Vehicle Claim / 1 Year Personal Property Claim / Secured Tax Liens / Other

| Class 2 Creditor's Name/Collateral Description | Claim Amount | Interest Rate | Number of Months | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

**2.12. Class 3. Secured claims for personal property that were delinquent when the petition was filed.** Class 3 claims are not modified by this plan and may mature before or after the last pmt under the plan. Debtor or a third party shall pay the monthly contract installments on Class 3 claims as they come due whether or not the plan is confirmed and such payment shall constitute adequate protection as required by § 1326(a)(1)(C). Trustee shall pay each Class 3 prepetition arrearage claim. Creditor shall retain its existing lien until such time as the claim is paid in full.

| | Class 3 Creditor's Name/Collateral Description | Claim Amount | Monthly Contract Payment | Interest Rate | Months Remaining on contract | Pre-petition Arrears |
|---|---|---|---|---|---|---|
| 1. | Select Portfolio Svcin RESIDENCE 550 1ST ST ELY NV 89301 1998 | 104,989.00 | 1,400.00 | 0.00 | | 13,600.00 |

**2.13. Adequate protection payments.** Prior to confirmation, Trustee shall pay on account of each allowed Class 2 claim secured by a purchase money security interest in personal property an adequate protection payment as required by § 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount proposed by this plan as the dividend for each Class 2 claim. Adequate protection payments shall be disbursed by Trustee in connection with his customary disbursement cycle beginning the month after the petition is filed. The claimant shall apply adequate protection payments consistent with Section 2.13.

**2.14. Post-petition interest** shall accrue on Class 1 claims and Class 2 claims at the above rates except to the extent the Class 1 claim is for mortgage arrears on a loan incurred after October 22, 1994 in which case interest will always be 0%. If the plan specifies a "0%" rate, no interest will be accrued. However, if the provision for interest is left blank, interest at the rate of 10% per annum will accrue. For Class 1 claims secured only by real property that is Debtor's principal residence, and for Class 2 claims that are subject to § 506(a) and secured by property with a value greater than is owed under any contract or applicable non-bankruptcy law, interest shall accrue from the petition date. All other Class 1 and 2 secured claims shall accrue interest from the date the plan is confirmed.

**2.15. Class 4. Secured claims satisfied by the surrender of collateral.** As to personal property secured claims, Debtor shall tender the collateral to the creditor not later than 5 days after confirmation of this plan. As to real property secured claims, the creditor may conduct a foreclosure of the real property. Upon sale, Debtor shall give up possession. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 3 secured claim to receive, take possession of, foreclose upon, and to exercise its rights and judicial and non-judicial remedies against its collateral.

| Class 4 Creditor's Name | Collateral Description | Surrender in full satisfaction of debt (Y/N) |
|---|---|---|
| -NONE- | | |

**2.16. Class 5. Secured claims paid directly by Debtor or third party.** Class 5 claims mature before or after the completion of this plan, are not in default, and are not modified by this plan which may include 910 day motor vehicle claims and 1 year personal property claims. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. Entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a Class 5 secured claim to exercise its rights against its collateral in the event of a default under the terms of its security documentation provided this case is then pending under chapter 13.

| Class 5 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| -NONE- | | |

D. Unsecured Claims

**2.17 Class 6. Priority unsecured claims** pursuant to § 507 shall be paid in full except as provided in 2.18.

| Class 6 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| -NONE- | | |

**2.18.** Because § 1322(a)(2) requires that priority claims be paid in full, the failure to provide for an allowed priority claim, other than a priority claim of the type described in § 1322(a)(4), is a breach of this plan. If this plan will not pay a priority claim of the type described in § 1322(a)(4) in full, the identity of the holder of that claim and treatment proposed for it shall be included in the Additional Provisions below.

**2.19. Class 7 - § 1305 Postpetition claims.** This class includes but is not limited to taxes that become payable to a governmental unit while the case is pending.

| Class 7 Creditor's Name | Claim Amount | Penalties | Interest |
|---|---|---|---|
| -NONE- | | | |

**2.20. Class 8. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Class 8 Creditor's Name | Reason for Special Treatment | Claim Amount |
|---|---|---|
| -NONE- | | |

**2.21. Class 9. General non priority unsecured claims.** All filed and allowed unsecured claims not listed as Class 6, Class 7 or Class 8 claims will receive a pro-rata share of no less than $ **34.00**  which is the total funds to be disbursed to all filed and allowed Class 9 claims pursuant to this plan. Debtor estimates that general unsecured claims, including the under collateralized portion of secured claims not entitled to priority, total $ **14,298.00**  .

### Section III. Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all required contractual post-petition payments. Any pre-petition arrears shall be paid in full and treated in the same manner as a Class 1 or a Class 6 claim (specify below). Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay to allow the non-debtor party to a rejected unexpired lease to obtain possession of leased property.

| Lessor - Contract or Unexpired Lease | Accept Y/N | Reject Y/N | Monthly Contract Payment | Pre-petition Arrears | Arrears Will Be Paid as a Class 1 or 6 Claim (specify) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### Section IV. Payment of Claims and Order of Payment

07-15355

**4.01.** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**4.02. Distribution of plan payment.** From the monthly payment, the Trustee shall pay as funds are available, in the following order, unless otherwise provided for in paragraph 6.01 below, Trustee's fees, monthly contract installments to Class 1 secured creditors, administrative expenses, Class 2 and Class 3 secured claims, holders of Class 7 § 1305 post petition claims, Class 1 arrearage claims, Class 6 priority claims until they are paid in full (or, if the claim is of a type described in § 1322(a)(4),the amount specified in the Additional Provisions has been paid), Class 8 special unsecured claims, then Class 9 general non-priority unsecured claims.

**4.03. Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in Section 4.02 for administrative expenses described in Sections 2.06, 2.07, and 2.08 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to Section 2.06, then to holders of administrative expenses described in Sections 2.07 and 2.08 on a pro rata basis. When such administrative expenses have been paid, the monthly projected disposable income shall be distributed pro rata, first to holders of Class 6 unsecured priority claims, and then to holders of Class 8 special unsecured claims.

### Section V. Miscellaneous Provisions

**5.01. Vesting of property.** Any property of the estate scheduled under § 521 shall revest in the Debtor upon confirmation. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.02. Debtor's duties.** In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal with a value of $1,000 or more or real property with a value of $5,000 without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with § 1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by § 1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** The Debtor shall provide Trustee with a copy of any personal federal tax return filed while the case is pending accompanied by W-2 forms and 1099 forms. Upon Trustee's request, Debtor shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** In addition to the documents required by the Bankruptcy Code and Local Rules, the Debtor shall provide to Trustee not later than the first date set for the § 341 meeting (1) written notice of the name and address of each person to whom the Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. § 464 & § 466], (2) a wage order in the form requested by Trustee, (3) a Class 1 Worksheet and Authorization to Release Information for each Class 1 claim, (4) IRS Form 8821. **(f) Documents required by Trustee prior to Discharge of Debtor.** Additionally, within 30 days of the completion of plan the Debtor shall certify to the Court with a copy of the Trustee the following: (1) of the name and address of each person to whom the Debtor owes a domestic support obligation at that time together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. § 464 & § 466], the (2) current address of the Debtor (3) name and address of Debtor's current employer, (4) name of each creditor whose claim was not discharged under 11 USC § 523(a)(2) and/or (4), (5)name of each creditor that was reaffirmed by the Debtor under § 524(c) and (6) certificate of completion of an instructional course in personal financial management.

**5.03. Remedies on default.** If Debtor defaults in the performance of this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor holding a Class 1 or 2 secured claim to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further plan payments on account of such secured claim, any portion of the secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim, and any deficiency remaining after the disposition of the collateral shall be satisfied as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor and Trustee. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to holder of other allowed claims shall not be recovered by the trustee to provide a pro rata distribution to the holder of any such deficiency claim.

**5.04.** Claims not expressly provided for in this Plan or otherwise classified in this Plan are not provided for by this Plan and will receive no distribution from the Trustee. The failure to provide for a secured claim in one of these classes may be cause to terminate the automatic stay.

**Section VI. Additional Provisions**

07-15355

      **6.01.** Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form shall not be altered. This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set out on a separate page and shall be identified by a section number (6.02, 6.03, etc.).

**Section VII. Plan Summary**

      **7.01.** The Plan Summary attached hereto is provided for reference purposes only. Should there be inconsistencies between the terms of the Chapter 13 plan and the Plan Summary, the terms of the Chapter 13 plan shall be controlling.

Date **August 25, 2007**　　　　　　　Signature **/s/ JOEY HUGHES**
　　　　　　　　　　　　　　　　　　　　　　　　**JOEY HUGHES**
　　　　　　　　　　　　　　　　　　　　　　　　Debtor

Attorney **/s/ RANDOLPH GOLDBERG**
　　　　　　**RANDOLPH GOLDBERG 5970**

| | | | |
|---|---|---|---|
| **JOEY HUGHES** | ) | BK-S- | |
| | ) | | **07-15355** |
| | ) | **CHAPTER 13 PLAN SUMMARY** | |
| Debtors. | ) | [See plan Section 7.01] | |

1. The Debtor(s) will make PLAN PAYMENTS to the Trustee over a period of __60__ months. The payments shall be made by the Debtor(s) as follows:

   a. $**327.00** per month starting **month 1** for **60** months which equals  **$19,620.00**
   $ per month starting     for  months which equals  **$0.00**
   $ per month starting     for  months which equals  **$0.00**
   b. In month  of the plan, the Debtor(s) shall pay a balloon payment in the amount of  **$0.00**
   The funds to make the balloon payment shall be derived from
   c. Additionally, the Debtor(s) shall turnover all income tax refunds to the trustee for the tax years
   **2007 2008 2009**

   **TOTAL AMOUNT OF PAYMENTS TO PLAN**  **$19,620.00**

2. The Trustee shall disburse all plan payments, refunds and balloon payment made by the Debtor(s) as follows [See plan Section 4.02]:

ADMINISTRATIVE EXPENSES (Trustee's fees, attorneys fees, accountants fees) [See plan Sections 2.05 – 2.08]
   a. Claim to    **RANDOLPH GOLDBERG 5970**    for attorneys fees in the amount of  **$4,024.00**
   b. Claim to                                            for trustee fees in the amount of  **$1,962.00**
   c. Claim to                                            for accountant fees in the amount of  **$0.00**

   TOTAL TO ADMINISTRATIVE EXPENSES  **$5,986.00**

SECURED CLAIMS (mortgage and car arrearages, tax liens, cramdowns): [See plan Sections 2.09 - 2.16]
   a. Claim to  **Select Portfolio Svcin**   incl. interest of   **0.00%**    for a total of  **$13,600.00**

   TOTAL TO SECURED CLAIMS  **$13,600.00**

POST PETITION CLAIMS (claims arising after the filing of the bankruptcy) [See plan Section 2.19]
   a. Claim to  **-NONE-**    incl. interest of    for a total of  **$0.00**

   TOTAL TO POST-PETITION CLAIMS  **$0.00**

PRIORITY CLAIMS (taxes, child support, alimony) [See plan Section 2.17]
   a. Claim to IRS for tax years/periods    in the amount of  **$0.00**
   b. Claim to State of    for tax years/periods    in the amount of  **$0.00**
   c. Claim to custodial parent or state agency for child support in the amount of  **$0.00**
   d. Claim to former spouse for alimony in the amount of  **$0.00**
   e. Claim to former spouse for property settlement in the amount of  **$0.00**

   TOTAL TO PRIORITY CLAIMS  **$0.00**

SPECIAL UNSECURED CLAIMS (Co-signed unsecured debts) [See plan Section 2.20]
   a. Claim to  **-NONE-**    in the amount of  **$0.00**

   TOTAL TO SPECIAL UNSECURED CLAIMS  **$0.00**

GENERAL UNSECURED CLAIMS (Credit cards, medical debt, all other creditor not listed above)[See plan Section 2.20]
   a. These claims will be paid a pro rata share of    **34.00**  **$34.00**
   TOTAL TO GENERAL UNSECURED CLAIMS  **$34.00**

   **TOTAL OF ALL ADMINISTRATIVE EXPENSES AND CLAIMS PAID THROUGH THE PLAN**  **$19,620.00**

3. THE DEBTOR(S) SHALL PAY DIRECTLY AND NOT THROUGH THE TRUSTEE: (Secured debts and leases not in arrears as of the date of the filing of the petition) [See plan Section 2.16]
   a. To    **Select Portfolio Svcin**    the payment of    **$1,400.00**    maturity date

Debtor(s) shall also continue to pay all regular payments to real estate taxes, utilities and insurance obligations related to the above claims.

4. DEBTOR(S) INTEND TO RETURN ASSETS TO CREDITORS IMMEDIATELY as follows: [See plan Section 2.15]
   a. Creditor's Name and Property Description   **-NONE-**              Date of return:

NOTE: This is NOT the Plan. It is only a summary of the Plan terms. Please refer to the Chapter 13 Plan as your rights may be affected. The amount and order of disbursement by the Trustee is set forth in the Plan. Should there be inconsistencies between the terms of the Chapter 13 plan and the Plan Summary, the terms of the Chapter 13 plan shall be controlling